# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT BOWLING GREEN
# CIVIL ACTION NO. 1:11CV-P30-M

**BILLY RANDALL STINNETT**                                                                 **PLAINTIFF**

**v.**

**CHRIS EATON** *et al.*                                                                   **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff, Billy Randall Stinnett, *pro se*, a prisoner incarcerated at the Green River Correctional Complex, filed a complaint and amended complaint under 42 U.S.C. § 1983 against the Barren County Sheriff's Office and Chris Eaton in his official capacity only. This matter is before the Court for screening of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the Court will dismiss Plaintiff's claims. Before dismissing the action, however, the Court will provide Plaintiff with an opportunity to amend his complaint.

## I.

Plaintiff states that he was arrested on February 24, 2010, by officers of the Barren County Sheriff's Office. He states that he gave himself up to officers and lay on his stomach with his hands behind his head. He states that Eaton struck him multiple times on his head, elbow, hand, back, and legs. Plaintiff also states that Eaton and other officers hit, kicked, stomped, and spit on him after he was placed in handcuffs. Plaintiff states that a church group witnessed the beating. Plaintiff states that Eaton later falsely claimed that Plaintiff had a weapon and attempted to come at the officers in a combative manner "to cover his act of brutality." He states that the church group reported the incident to the FBI, and an FBI investigation of Eaton is

pending. Plaintiff states that his constitutional rights were violated. He seeks damages and injunctive relief.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**II.**

The Barren County Sheriff's Office is not a "person" subject to suit under § 1983 because municipal departments are not suable under § 1983. *Petty v. County of Franklin, Ohio*, 478 F.3d 341, 347 (6th Cir. 2007) (a county sheriff's department is not a "person" subject to liability under § 1983); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (same). Moreover, as to

Plaintiff's claim against Eaton in his official capacity only, "[o]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Therefore, Plaintiff's claims against the Barren County Sheriff's Office and Eaton in his official capacity are actually claims against Barren County. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will first address the second issue, *i.e.*, whether the municipality is responsible for the alleged constitutional violation.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358,

363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that the plaintiff must demonstrate "deliberate conduct").

In the instant case, Plaintiff has not alleged that Eaton or other Barren County Sheriff's Department officers acted pursuant to a municipal policy or custom in causing his alleged harm. Plaintiff's complaint appears to allege an isolated occurrence affecting only him. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). As nothing in the complaint demonstrates that Plaintiff's injuries occurred as a result of a policy or custom implemented or endorsed by Barren County, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim against it. Accordingly,

**IT IS ORDERED** that the claims against the Barren County Sheriff's Office and Eaton in his official capacity are **DISMISSED** for failure to state a claim upon which relief may be granted.

### III.

However, due to the seriousness of Plaintiff's allegations, the Court will allow Plaintiff to file a second amended complaint to sue Eaton in his individual capacity and to name any other individual officers who he claims are responsible for the alleged wrongdoing. *See Berndt v.*

4

*State of Tennessee*, 796 F.2d 879, 882-83 (6th Cir. 1986). The Court will then conduct an initial review of the second amended complaint pursuant to 28 U.S.C. § 1915A. **Plaintiff has 30 days from the entry of this Memorandum Opinion and Order to file a second amended complaint. Plaintiff is WARNED that failure to file a second amended complaint in the allotted time will result in dismissal of the instant action.** The Clerk of Court is **DIRECTED** to send Plaintiff a § 1983 complaint form.

Date:


cc:    Plaintiff, *pro se*
       Defendants
4414.010