UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

BILLY RANDALL STINNETT                                                    PLAINTIFF

v.                                                    CIVIL ACTION NO. 1:11CV-P30-M

CHRIS EATON *et al.*                                                    DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Billy Randall Stinnett filed this *pro se* civil rights action under 42 U.S.C. § 1983 proceeding *in forma pauperis*. This matter is before the Court on the initial review of the second amended complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the Court will dismiss Plaintiff's claims against the City of Glasgow and Barren County and his Eighth Amendment claims and will allow his Fourth Amendment claims against the remaining Defendants to proceed.

### I.

Plaintiff, an inmate at the Green River Correctional Complex, filed a complaint and amended complaint against the Barren County Sheriff's Office and Sheriff Chris Eaton in his official capacity. The Court entered a Memorandum Opinion and Order on April 20, 2011, dismissing Plaintiff's claims but, due to the seriousness of the allegations, allowing him the opportunity to file a second amended complaint to sue Eaton in his individual capacity and to name any other individual officers who he claims are responsible for the alleged wrongdoing. Plaintiff filed a second amended complaint on May 16, 2011. There he sues the "City of Glasgow/Barren County" and Sheriff Christopher Eaton and Deputy Sheriffs Aaron Bennett, Adam Minor, Eric Guffy, and Robert McGown in their individual capacities.

Plaintiff states that on February 24, 2010, Defendants used excessive force in violation of the Fourth and Eighth Amendments. He states Defendants beat him with batons, kicked, stomped, and spit on him while he lay on the ground face down and later while he was in handcuffs. Plaintiff states that a church group witnessed the beating. Plaintiff states that Eaton later falsely claimed that Plaintiff had a weapon and attempted to come at the officers in a combative manner. He states that the church group reported the incident to the FBI, and a criminal investigation is pending.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

## II.

**A.   City of Glasgow and Barren County**

Plaintiff lists "City of Glasgow/Barren County" as a Defendant. While these are two distinct municipal entities, the analysis of the claims against them is the same. When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights*, *Tex.*, 503 U.S. 115, 120 (1992). The Court will first address the second issue, *i.e.*, whether these municipalities are responsible for the alleged constitutional violation.

As the Court stated in its prior Memorandum Opinion and Order, "a municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff has not alleged that any of the Defendants acted pursuant to a municipal policy or custom in causing his alleged harm. Plaintiff's complaint appears to allege an isolated occurrence affecting only him. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). As nothing in the complaint demonstrates that Plaintiff's injuries occurred as a result of a policy or custom implemented or endorsed by the City of

Glasgow or Barren County, the complaint fails to establish a basis of liability against these municipalities and fails to state a cognizable § 1983 claim against them.

Accordingly, **IT IS ORDERED** that the claims against the City of Glasgow and Barren County are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Because no claims remain against these Defendants, the Clerk of Court is **DIRECTED** to **terminate** them from the action.

**B.     All other Defendants**

Plaintiff states that Defendants violated his Fourth and Eighth Amendment rights. In *Graham v. Conner*, 490 U.S. 386, 395 (1989), the Supreme Court held that a claim of excessive force in the course of making an arrest invokes the protection of the Fourth Amendment, which guarantees citizens the right "to be secure in their persons . . . against unreasonable . . . seizures" of the person. *Id.* (quoting U.S. Const. amend. IV). The Eighth Amendment protects prisoners from cruel and unusual punishment after conviction. *Id.* at 395 n.10. Since Plaintiff alleges excessive force in the course of his arrest, the Fourth Amendment applies to this action.

Therefore, **IT IS ORDERED** that Plaintiff's claims under the Eighth Amendment are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Court will allow Plaintiff's Fourth Amendment claims against Defendants Eaton, Bennett, Minor, Guffy, and McGown to proceed for further development. The Court will enter a separate Scheduling Order governing these claims.

Date:

cc: Plaintiff, *pro se*
 Defendants
 Barren County Attorney
4414.010