UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CIVIL ACTION NO. 1:11CV-00030-JHM

BILLY RANDALL STINNETT                                                                    PLAINTIFF

VS.

CHRIS EATON, ET AL.                                                                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Plaintiff, Billy Randall Stinnett, for partial summary judgment against Defendant, Adam Minor, [DN 63] and on a motion by Defendant, Adam Minor, for partial summary judgment [DN 65]. Fully briefed, this matter is ripe for decision.

## I. STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio

Corp., 475 U.S. 574, 586 (1986). Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252. It is against this standard the Court reviews the following facts.

## II. BACKGROUND

On February 24, 2010, numerous officers from the Barren County Sheriff's Office, the City of Glasgow Police Department, and the Kentucky State Police were involved in an hour-long pursuit of Plaintiff Billy Randall Stinnett ("Stinnett") that ended after Stinnett crashed his van into a church. The pursuit began at or near the Hart-Barren County line following several citizen complaints to dispatch regarding a reckless driver in a van. After the crash, Stinnett fled on foot and ran to an area where he was trapped by three walls of a church building. The United States brought criminal charges against Defendants, Christopher Eaton, Aaron Bennett, Adam Minor, Eric Guffy, and Robert McCown, alleging that they used excessive force in apprehending Stinnett. The Defendants were charged with deprivation of rights under color of law and making false statements to the FBI. Defendant, Christopher Brian Eaton, was also charged with witness tampering, falsification of documents, and destruction of a record, document, or tangible object.

Shortly after his indictment, all charges against McCown were voluntarily dismissed by the United States. Defendant Minor pled guilty to making a false statement to the FBI and testified at the trial of the criminal matter. On May 9, 2013, Defendant Eaton was found guilty of Counts 4 and 5 of the second superseding indictment charging him with tampering with a

2

witness, specifically, Steve Runyon and Joseph Adam Minor, in violation of 18 U.S.C. § 1512(b)(3). The jury returned not guilty verdicts on all other counts charged against Defendant Eaton and Defendants Bennett and Guffy.

Plaintiff Billy Randall Stinnett ("Stinnett") brings this current action pursuant to 42 U.S.C. § 1983 alleging that the Defendants violated his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States to be free from the use of excessive force by assaulting him and by failing to intervene in his assault by other officers. The Third Amended Complaint also includes claims for assault, battery, failure to train, and 42 U.S.C. § 1985. Plaintiff seeks partial summary judgment against Minor on the Fourth Amendment excessive force claim. In response, Defendant filed a cross-motion for partial summary judgment seeking qualified immunity on the Fourth Amendment claim.

### III. DISCUSSION

To state a claim under § 1983, a plaintiff must establish both that 1) he "was deprived of a right secured by the Constitution or laws of the United States and 2) the deprivation was caused by a person acting under color of state law." Redding v. St. Eward, 241 F.3d 530, 532 (6th Cir. 2001) (citation omitted). It is undisputed that the Defendants were acting under color of state law when they apprehended Stinnett. Because "[s]ection 1983 is not itself a source of any substantive rights, but instead provides the means by which rights conferred elsewhere may be enforced[,]" the Court's "first task . . . is to identify the specific constitutional . . . rights allegedly infringed." Meals v. City of Memphis, Tenn., 493 F.3d 720, 727–28 (6th Cir. 2007) (citations omitted). As discussed above, Plaintiff alleges that the Defendants violated his Fourth and Fourteenth Amendment rights.

### A. Qualified Immunity for Fourth Amendment Excessive Force Claim

Minor contends that he is entitled to qualified immunity on Stinnett's Fourth Amendment claim asserted against him in his individual capacity and seeks summary judgment on that claim. The doctrine of qualified immunity "protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quotation omitted); Miller v. Sanilac County, 606 F.3d 240, 247 (6th Cir. 2010)(quoting Phillips v. Roane County, Tenn., 534 F.3d 531, 538 (6th Cir. 2008)(quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).

To demonstrate that Minor is not entitled to qualified immunity, Stinnett must prove that a constitutional right was violated and that the right was clearly established at the time of the violation, i.e., that a reasonable officer confronted with the same situation would have known that the use of force against Stinnett would violate Stinnett's right. Scott v. Harris, 550 U.S. 372, 377 (2007); Pearson v. Callahan, 555 U.S. 223 (2009); Brosseau v. Haugen, 543 U.S. 194, 199–200 (2004); Harrison v. Ash, 539 F.3d 510, 517 (6th Cir. 2008); Jones v. Byrnes, 585 F.3d 971, 975 (6th Cir. 2009). See Hope v. Pelzer, 536 U.S. 730, 739 (2002) ("[Q]ualified immunity operates to ensure that before they are subjected to suit, officers are on notice their conduct is unlawful." (internal quotation marks omitted)).

First, in determining whether Minor used excessive force against Stinnett, "the question is whether the officer['s] actions are 'objectively reasonable' in light of the facts and circumstances confronting [him], without regard to [his] underlying intent or motivation." Graham v. Connor, 490 U.S. 386, 397 (1987). A proper application of this standard "'requires careful attention to the facts and circumstances of each particular case, including [1] the severity

of the crime at issue, [2] whether the suspect poses an immediate threat to the safety of the officers or others, and [3] whether he is actively resisting arrest or attempting to evade arrest by flight . . . .'" Scott v. Clay County, 205 F.3d 867, 876–77 (6th Cir. 2000) (quoting Graham, 490 U.S. at 396–97) (emphasis removed). "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." Graham, 490 U.S. at 396-397. Under such circumstances, the "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. Id. at 396.

The Sixth Circuit consistently holds in the context of a Fourth Amendment excessive-force claim that the "use of force after a suspect has been incapacitated or neutralized is excessive as a matter of law." Morrison v. Board of Trustees of Green Tp., 583 F.3d 394, 404 (6th Cir. 2009) (quoting Baker v. City of Hamilton Ohio, 471 F.3d 601, 609 (6th Cir. 2006). "'The reason for this is that once the detainee ceases to pose a threat to the safety of the officers or others, the legitimate government interest in the application of significant force dissipates.'" Courtney v. Chaudoin, 2010 WL 3120200, *5 (W.D. Ky. Aug. 9, 2010)(quoting Morrison, 583 F.3d at 404 (citing Phelps v. Coy, 286 F.3d 295, 301–02 (6th Cir. 2002). "This rule also applies to suspects who are handcuffed and not resisting." Id. (quoting McDowell v. Rogers, 863 F.2d 1302, 1307 (6th Cir. 1988) (blow with nightstick to handcuffed, unresisting suspect would be gratuitous and therefore unreasonable); Austin v. Redford Tp. Police Dept., 690 F.3d 490, 498 (6th Cir. 2012)("[T]he law is clear in this Circuit that the use of force, including a Taser, on a suspect who has been subdued is unreasonable and a violation of a clearly established right."); Wysong v. City of Heath, 260 F. App'x. 848, 854-855 (6th Cir. 2008) (recognizing that use of

5

force was reasonable if the defendant was physically resisting, but if he were not, use of physical force was excessive); Bultema v. Benzie County, 2005 WL 1993429, at *6 (6th Cir. Aug. 17, 2005) (noting that use of pepper spray after a subject had stopped resisting constituted excessive force); Champion v. Outlook Nashville, Inc., 380 F.3d 893, 901 (6th Cir. 2014)(concluding that using pepper spray on an individual who had stopped resisting and posed no flight risk was an unreasonable use of force).

Here, at the criminal trial in this matter, Minor testified that Stinnett posed no risk to the safety of Minor or any of the other officers at the scene at the time of Minor's assault of Stinnett. Additionally, Minor stated that Stinnett was not resisting arrest or attempting to flee when Minor assaulted him. It is also undisputed that Minor struck Stinnett three times while Stinnett was handcuffed and not resisting arrest. Based upon the above authority and the admissions of Defendant Minor, the Court finds that Minor's actions constitute excessive force in violation of the Fourth Amendment.

The Court rejects Minor's argument that because Stinnett was not aware of whom struck him or the extent of his injuries caused by Minor's assault, there is at least a question of fact regarding whether Minor violated his Fourth Amendment rights. "'[W]hile an excessive use of force claim may be established through evidence of severe injury or physical contact, this Circuit has not required that this must be the case.'" Courtney, 2010 WL 3120200, *5 (quoting Morrison, 583 F.3d at 407). Rather, the Sixth Circuit recognizes that a plaintiff may allege excessive force "even where the physical contact between the parties did not leave excessive marks or cause extensive physical damage." Morrison, 583 F.3d at 407 (citing Holmes v. City of Massillon, Ohio, 78 F.3d 1041, 1048 (6th Cir. 1996) (upholding excessive force claim where plaintiff alleged that officers used excessive force in removing her wedding ring).

6

Second, the Sixth Circuit case law "'clearly establish[es] the right of people who pose no safety risk to the police to be free from gratuitous violence during arrest.'" Courtney, 2010 WL 3120200, *6 (quoting Shreve v. Jessamine County Fiscal Court, 453 F.3d 681, 687–88 (6th Cir. 2006)). "This circuit's case law has recognized the unconstitutionality of using gratuitous force against an incapacitated suspect since 1991." Id. (quoting Solovy v. Morabito, 375 F. App'x 521, 528 (6th Cir. 2010)). Accordingly, the Court denies qualified immunity to Defendant Minor on the Fourth Amendment excessive force claim.

Furthermore, based on the testimony of Minor, the Court finds that no reasonable juror could conclude that a genuine dispute of material fact exists regarding whether Defendant Minor violated Stinnett's Fourth Amendment right to be free from excessive force. Thus, Stinnett's motion for partial summary judgment on this claim against Minor is granted.

**B. Failure to Intervene Excessive Force Claim**

Stinnett also seeks summary judgment against Minor on the basis that he violated Plaintiff's Fourth Amendment rights by failing to intervene to prevent other officers from using excessive force against him. At trial, Minor testified that he observed other officers use excessive force against Stinnett and failed to intervene. "[A]n officer is liable for excessive force for failure to intervene when: (1) the officer observed or had reason to know that excessive force would be or was being used, and (2) the officer had the opportunity and the means to prevent the harm from occurring." Bonner-Turner v. City of Ecorse, 2014 WL 1260632, *9 (E.D. Mich. March 27, 2014)(citing Turner v. Scott, 119 F.3d 425, 429 (6th Cir. 1997)). Thus, in order to establish a claim for failure to intervene, Stinnett must establish that Minor observed excessive force being used against Stinnett and that Minor had the opportunity and means to prevent the harm.

7

Despite Minor's testimony, the Court finds that a genuine dispute of material fact exists as to whether the remaining defendants used excessive force against Stinnett. For example, the record reflects that despite the testimony of Minor and Stinnett in the criminal action, the jury acquitted Eaton, Bennett, and Guffy of the charge of deprivation of Stinnett's rights under color of law. Additionally, all the criminal charges against McCown were dismissed prior to trial. Finally, discovery is not complete in this matter, and, as such, Stinnett's motion is premature. For these reasons, the motion by Plaintiff for summary judgment against Minor on the failure to intervene claim is denied.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion by Plaintiff, Billy Randall Stinnett, for partial summary judgment against Defendant, Adam Minor, [DN 63] is **GRANTED IN PART AND DENIED IN PART**. Summary judgment is granted on Plaintiff's excessive force claim against Defendant Minor and is denied on Plaintiff's failure to intervene claim against Defendant Minor.

**IT IS FURTHER ORDERED** that the motion by Defendant, Adam Minor, for partial summary judgment [DN 65] is **DENIED**.

*[Signature]*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

July 14, 2014

cc: counsel of record